IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD ANTHONY WICKER,              )
                                    )
            Petitioner,              )
                                    )
      v.                            )      1:12CV703
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.              )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, has submitted a Letter in which he seeks to have time that he served in local facilities while awaiting sentencing in this Court credited toward his sentence. He alleges that the United States Bureau of Prisons is not giving him credit for that time. Petitioner does not seek to attack his conviction or the sentence he received in this Court, but instead challenges the Bureau of Prisons' calculation of that sentence.

Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). However, the Supreme Court has held that the Attorney General, through the Bureau of Prisons, is responsible in the first instance for computing the credit under § 3585(b). See United States v. Wilson, 503 U.S. 329, 334-35 (1992). Therefore, potential jail time credit is not properly computed at sentencing or included in the Judgment, and instead a defendant raising claims under § 3585(b) must first exhaust his administrative remedies with the Bureau of Prisons and may then seek judicial review under 28 U.S.C. § 2241. See id.; see also United States v. Harbison, 148 Fed. App'x 187 (4th Cir. Nov. 4,

2005) (unpublished). Because "[a] claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself, . . . . [j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989); see also United States v. Spears, 981 F.2d 1252 (4th Cir. Dec. 17, 1992) (unpublished) (noting that in a challenge to calculation of jail credits, "Section 2241 is the appropriate procedural vehicle" and "a § 2241 petition must be brought in the district of the petitioner's confinement").

In light of this authority, Defendant's Letter will be construed as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, Defendant is confined in the Eastern District of North Carolina, not in this District. Therefore, this particular Petition should be dismissed, but without prejudice to Petitioner filing a new petition in the Eastern District of North Carolina, where he is incarcerated. Petitioner should seek the proper forms from the Clerk of that district and file a petition there. The address for the Clerk is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district.

This, the 11th day of July, 2012.

          /s/ *Joi Elizabeth Peake*
United States Magistrate Judge